# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL A. MCNAIR, SR., | ) |
| Movant, | ) |
| v. | ) No. 1:20-cv-00261-SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of movant Michael A. McNair, Sr. to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The motion appears to be untimely. Therefore, for the reasons discussed below, the Court will order movant to show cause why the motion should not be summarily denied and dismissed.

### Background

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Marion, Illinois. On February 13, 2018, movant pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). *United States v. McNair*, No. 1:16-cr-134-SNLJ-1 (E.D. Mo.). On May 15, 2018, he was sentenced to seventy months' imprisonment and two years' supervised release. Movant did not file a direct appeal.

On June 15, 2020, movant sent a letter to the Court that was construed as a motion for additional time credit to be applied to his sentence. The motion was denied on June 30, 2020.

Movant then filed the instant 28 U.S.C. § 2255 motion on September 17, 2020, by placing it in his institution's mailing system.[1]

## The Motion

In his motion, movant presents three grounds for relief, all of which are connected to his assertion that he was not given all the time credit against his sentence to which he believes he is entitled. In the first ground for relief, movant states that he was "told that all [his] time was counting and that all time in federal hold overs count," and that his cases would be run together. (Docket No. 1 at 6). Specifically, movant asserts that his attorney "let [him] sit in federal hold over from" January 4, 2017 until May 31, 2018. Movant adds that this was his attorney's first federal case, and that his attorney made a number of mistakes. (Docket No. 1 at 7).

In the second ground for relief, movant alleges that he repeatedly contacted his attorney, but that his attorney advised him "it would cost [him]," and that movant could write the judge and "get this taken care of without being charged." Movant further explains that he wrote his lawyer and the Court "about [his] time," but that due to the COVID-19 pandemic, time has passed, and he has "no choice but to respectfully ask the courts for help in this matter by considering this [§] 2255."

Finally, in the third ground for relief, movant claims that his rights have been violated and that he has been misled. (Docket No. 1 at 8). By way of explanation, movant states that he "sat in a federal hold over [for] almost two years for a bullet charge[,] thinking [his] time was being counted." He further states that his attorney told him "to just sit," and that the attorney "would make sure" his case "would be [run] together so it would count."

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

Movant requests that his time be "run concurrently" as he was told, and that all the time he has done "be counted." (Docket No. 1 at 10).

## Discussion

Movant has filed a 28 U.S.C. § 2255 motion seeking to vacate, set aside, or correct his sentence. For the reasons discussed below, the motion appears untimely, and movant will be directed to show cause why this action should not be denied and dismissed.

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes

3

final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. Pro. 4(b)(1).

Here, movant was sentenced on May 15, 2018. As previously noted, he did not file a direct appeal. Because he did not file an appeal, his judgment became final fourteen days after sentencing, when his time for filing an appeal expired. In other words, movant's judgment became final on May 29, 2018. The one-year period for filing a 28 U.S.C. § 2255 motion expired a year later, on May 29, 2019. Movant, however, did not file the instant motion until September 17, 2020, approximately one year and three months after the statute of limitations in 28 U.S.C. § 2255(f)(1) had already expired. Thus, it appears that the motion is untimely.

### B. Order to Show Cause

As discussed above, it appears that movant's 28 U.S.C. § 2255 motion is untimely. Under 28 U.S.C. § 2255(f)(1), movant's one-year limitations period expired on May 29, 2019, but movant did not file the instant motion until September 17, 2020. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be dismissed as time-barred. If movant seeks to argue that equitable tolling should apply, he must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing.

Movant will be given **thirty (30) days** in which to submit a written response to this order. Failure to respond within that timeframe will result in the dismissal of this action without further proceedings and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within **thirty (30) days** of the date of this order why his 28 U.S.C. § 2255 motion should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order within **thirty (30) days**, movant's 28 U.S.C. § 2255 motion will be denied and dismissed without further proceedings and without further notice.

Dated this 10th day of December, 2020.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE